NicholsoN, C. J.,
delivered the opinion of the Court.
This is an action of debt, commenced in the Circuit Court of Knox County, by plaintiff against defendant, as administrator de bonis non. Defendant pleaded in abatement, that the suit was commenced within six months after his qualification as administrator.
Plaintiff demurred to the plea, because it does not allege that the suit was brought within six months after the qualification of his predecessor. The Court overruled the demurrer, and the plaintiff declining to reply to the plea the case was abated.
The question raised is, whether an administrator de bonis non is exempted by the statute, from suits, for six months after his qualification, in the same manner that the original administrator is exempted.
The solution of this question depends upon the construction of the words “ executors and administrators,” as used in the Code, 2274. The language of that section is, “executors and administrators shall have six months from the date of their qualification, to ascertain the situation of the deceased’s estate, and to arrange and settle it without being liable to suit and costs,” &c.
The words “executors and .administrators,” include “administrators de bonis non.” Shackelford v. Runyan, 7 *397 Hum., 141. They include all administrators. Coleman v. Raynor, 3 Cold., 26.
In the last named case, it was decided that an administration, granted upon the resignation of the original administrator’, is a continuation of the original administration, and for that reason, the time, from which the exemption from suits commences, is the date of the qualification of the original administrator. But the Court declines to decide whether the same rule obtains in the case of an administrator appointed to succeed a deceased administrator. They confine the definition of an administrator de bonis non, to one who is appointed upon the death of the original administrator, whilst they designate one appointed to succeed a resigning administrator as a statutory administrator; but whether there is any distinction between the character, rights and liabilities of the two kinds of administrators, they do not determine. They conclude, that the reason of the act, exempting administrators and executors from suit and cost for six months, does not apply to the latter class of administrators, because, as the resigning ad_ ministrator is required to settle and pay over to the new administrator the balance of money, property and .effects in his hands, he is furnished with information touching the situation of intestate’s estate, immediately upon taking upon himself the administration thereof.
We concur in this reasoning, and in the conclusion that the provisions of the Code, 2274, do not apply to the case of an administrator whose predecessor has settled with the County Court, and has delivered over the assets in his hands to his successor. Although the gen *398 eral language of the Code, 2274, embraces and includes this kind of administrator, yet this section, and section 2237, providing for the resignation of an administrator and the appointment of his successor, must be construed together; and upon such construction, we think it was not the intention of the Legislature, that an administrator, appointed in pursuance of section 2237, should be exempted from suits for six months from his qualification. But there is no statute providing for the appointment of successors to administrators who may die before they have closed their administration. As already shown, they fall within the language of the Code, 2274, and unless satisfactory reasons to the contrary can be found, they are exempt from suits for six months after qualification, in like manner as the original administrators. No such reasons are to be found in any other provisions of the Code, the reason applying to appointments under section 2237, having no application, but, on the contrary, ■ the same reasons usually exist for exemption from suits, in cases of administrators appointed to succeed deceased administrators, as in cases of the original administrators. The exemption is given, in the latter case, to enable them to ascertain the situation of the estate of the deceased, and to arrange and settle it without being liable to suit and costs. In most cases, it is equally necessary that an administrator, appointed to succeed a deceased predecessor, should have time to ascertain the situation of the unadministered estate, as that the original administrator should have it. As the Legislature has made no distinction on this subject, between the two kinds of administrators, we are justified *399 in concluding that no distinction was intended to be made; and, hence, that an administrator who becomes such, on the death of the original administrator, is exempted from suit for six months from the date of. his qualification.
This -construction may result in occasional inconvenience and delay, in the settlement of estates, but it is a result which can be remedied only by the 'Legislature.
There was no error in the Court below, and the judgment is affirmed.